UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIAM KISSINGER,** | ) | Civil Action No. 17-cv-11 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge deGravelles |
| | ) | Magistrate Judge Wilder-Doomes |
| **JAMES LEBLANC, BURL CAIN,** | ) | |
| **DARRYL VANNOY, SETH SMITH,** | ) | |
| **ROBERT TANNER, TIM HOOPER,** | ) | |
| **GREG MCKEY, STEPHEN** | ) | |
| **WAGUESPACK, MICHAEL VAUGHN** | ) | |
| **STEWART HAWKINS, FNU** | ) | |
| **ROBINSON, FNU WRIGHT, BECKY** | ) | |
| **HILL, FNU LANDRY, GREGORY** | ) | |
| **POLOZOLA, FNU JARRELL, FNU** | ) | |
| **TILLMAN, in their official and** | ) | |
| **individual capacities,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRE-RULE 26(F) CONFERENCE EXPEDITED DISCOVERY REGARDING "FNU" DEFENDANTS**

**NOW COMES** the Plaintiff, through counsel, and files this Memorandum in Support of his Motion for Pre-Rule 26(f) Conference Discovery Regarding "FNU" Defendants. The Motion is justified because the discovery it seeks is limited to that which is necessary to avoid irreparable harm to the Plaintiff. Specifically, the Plaintiff seeks either a deposition or records of the Department of Public Safety and Corrections ("DPSC") to provide the identities of the following named Defendants:

1

FNU Robinson
FNU Wright
FNU Landry
FNU Jarrell
FNU Tillman

These Defendants are parties to the above captioned matter due to their actions as members of the Disciplinary and Cellblock Review Boards of Elayn Hunt Correctional Center. Despite his best efforts Plaintiff only knows these Defendants' last names. As articulated below, Plaintiff arguably has an obligation to identify the full names of these Defendants prior to the expiration of the prescriptive period for this litigation, which for some Defendants is as early as February 4, 2017. If suit is not filed against the proper defendants within one year, the Defendants may argue that Plaintiff has permanently lost his right to seek justice against the individuals responsible for retaliating against him in violation of the First and Fourteenth Amendments to the Constitution. Plaintiff files this motion to access discovery required to carefully preserve his claim.

## Law and Argument

The instant litigation was filed on January 9, 2016. Rec. Doc. 1. Plaintiff awaits issuance of summonses from the Court and thereafter will serve Defendants with process in this matter. No Rule 26(f) conference has occurred. Although Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery from any source until after the parties have conferred, it also provides that a court may authorize discovery before such a conference.

The Fifth Circuit has not yet adopted a standard for determining when a district court should exercise its discretion to permit such discovery, but several district courts in the Fifth Circuit, including this Court, have adopted and applied the "good cause" or "reasonableness" standard in these situations. *Elargo Holdings, LLC v. Doe*, No. CV 16-210-SDD-EWD, 2016 WL

7031294, at 4 (M.D. La. Dec. 1, 2016). The good cause analysis considers factors such as the "breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made." *BKGTH Prods., LLC v. Does 1-20*, No. CIV.A. 13-5310, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2013), citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 n. 4 (S.D. Tex. 2011). Where there is the potential for irreparable harm that can be addressed through limited, expedited discovery, courts generally permit the discovery to proceed. *BKGTH Productions* at 14.

This Court considered and applied this body of law just last month in the case of *Elargo Holdings, LLC v. Doe*, No. CV 16-210-SDD-EWD, 2016 WL 7031294, at *4 (M.D. La. Dec. 1, 2016). The Court conducted a thorough review of the jurisprudence in the context of Doe defendants. The Court identified several factors for consideration, including whether discovery will provide the identities of the Doe defendants, whether the complaint would be dismissed on other grounds, whether the Doe defendants are identified with sufficient specificity that the Court can conclude each defendant is a real person or entity that would be subject to the court's jurisdiction and whether the plaintiff has identified all previous steps taken to locate the elusive defendant. *Elargo Holdings, LLC v. Doe*, No. CV 16-210-SDD-EWD, 2016 WL 7031294, at *4 (M.D. La. Dec. 1, 2016) (citations omitted).

These factors weigh heavily in favor of Plaintiff's expedited discovery in the instant case and there is ample "good cause" for permitting the limited, expedited discovery the Plaintiff seeks. The Plaintiff's predicament is clear, and fraught with the potential for irreparable harm: he does not know and has no way of discovering the identities of the additional DPSC employees whose

3

acts or negligence caused him harm. Louisiana law and, by extension, the law governing the Plaintiff's civil rights action, requires that a tortfeasor be named in a lawsuit within one year of the injury. *Jacobsen v. Osborn*, 133 F.3d 315, 319 (5th Cir. 1998). Naming a "John Doe" defendant does not interrupt prescription, and the identification of the actual defendant in an amended complaint after discovery does not generally "relate back" under Federal Rule of Civil Procedure 15. *Id.* at 320. Thus, if Plaintiff is unable to identify the FNU Defendants for several months, his claims against such individuals will arguably have prescribed.[1]

Here, the breadth of discovery sought is extremely narrow. Plaintiff seeks a Rule 45 subpoena to the Department of Public Safety and Corrections. That subpoena will ask the Department to provide the full names of the five "FNU" Defendants listed in Plaintiff's Complaint, either by producing an individual with knowledge of DPSC staff names for deposition or by producing a roster containing the full names of the members of the EHCC Disciplinary Board and the EHCC Cellblock Housing Review Board. Plaintiff's complaint identifies each of the FNU

---

[1] There is a different body of law governing misidentified (as opposed to unidentified) defendants. An amendment correcting a misnaming of a defendant will relate back to the date of filing the original complaint (1) if the claim asserted arose out of the same conduct set forth in the original pleading and (2) the new defendant received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and (3) the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party." Rule 15(c)(3). *Green v. Doe*, 260 F. App'x 717, 718–19 (5th Cir. 2007); *Jacobsen v. Osborne*, 133 F.3d 315, 319–20 (5th Cir. 1998). This is premised on the reasoning that a defendant has notice of an action and is aware that but for the mistake, they would have been named as a proper defendant. Courts presume notice when there is an "identity of interest" between the named defendants and the misnamed defendant plaintiff seeks to add. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." In this regard, notice may be imputed to the new party through shared counsel. *Jacobsen* at 320 (internal quotations and citations omitted). Plaintiff Kissinger believes that this standard should apply to him, as he identified the last names of the FNU Defendants, the FNU Defendants share legal counsel with the identified Defendants, the identified Defendants know the identities of the FNU Defendants and they are joint tortfeasors. However, in an abundance of caution and because technically FNU Defendants are "unidentified" rather than "misidentified," Plaintiff is proceeding under that body of law and seeking expedited discovery.

4

Defendants with detailed specificity, outlining his or her job description at the DPSC and also identifying his or her specific acts vis a vis the Plaintiff. The DPSC clearly knows the identity of these individuals, and so do the other named Defendants to the litigation. The Plaintiff has utilized the only mechanism available to him pre-filing, which was to scour his own DPSC file for the full names of these Defendants. The documents in his file contained only last names, however, which is how he was able to identify those for the Complaint.

Plaintiff has exhausted all avenues available to him and seeks intervention from this Court to allow him to conduct very limited pre-26(f) conference discovery. The remedy the Plaintiff seeks for this situation will impose no prejudice or even any real burden on the DPSC. This discovery is narrowly tailored to address the irreparable harm the Plaintiff faces if this Motion were not granted. Plaintiff seeks to avoid a potentially protracted motion practice about prescriptive periods later in the litigation by addressing this matter immediately.

Respectfully submitted this the 10th day of January 2017.

*Katie M. Schwartzmann*
Katie M. Schwartzmann, La. Bar No. 30295
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, La 70119
(504) 620-2259
Katie.Schwartzmann@macarthurjustice.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.  I further certify that a hard copy of this Motion and the accompanying Memorandum will be hand served with a Summons and the Complaint in this matter on all Defendants who have been identified, including Defendants LeBlanc, Cain, Vannoy, Smith, Tanner, Hooper, McKey, Waguespack, Vaughn, Hawkins, Hill and Polozola. Further, a copy will be mailed to all identified individuals at their respective places of employment.

                                         */s/ Katie M. Schwartzmann*
                                         Katie M. Schwartzmann